**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MANSON FISHER, JR., Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 98-00871-KD-M** |
| | ) | |
| **BILLY MITCHUM, Defendant.** | ) | |

**ORDER**

This matter is before the Court on Petitioner's *pro se* "Motion for Relief of Judgment Pursuant to Rule 60(b)(6) F.R.Civ.P." (Doc. 59).

**I. Background**

*Pro se* Petitioner Manson Fisher, Jr. ("Fisher")[1] has been active in this Court since 1998 (Doc. 1) when he filed his first habeas petition, which was denied as time-barred in April 2000. (Docs. 26, 27). More than five years later in September 2005, Fisher filed a Rule 60(b)(6) "motion to vacate judgment" which was denied,[2] along with a notice of appeal and motion for certificate of appealability which was denied. (Docs. 28, 29, 32-34). In November 2005, Fisher's appeal was dismissed by the Eleventh Circuit for want of prosecution (for failing to pay the filing fee). (Doc. 35). Almost two years later in June 2007, Fisher filed a second Rule 60(b)(6) "motion to vacate judgment" which was denied[3] (Docs. 36-37), a motion for certificate

---

[1] On February 2, 1988, Fisher was convicted of capital murder in the Circuit Court of Washington County and received a sentence of life without parole in the state penitentiary. Fisher v. State, 587 So.2d 1027 (Ala. Crim App.), writ den., 587 So.2d 1039 (Ala. 1991). (Doc. 22 at 2).

[2] The Court endorsed as denied Fisher's motion without explanation. (Doc. 29).

[3] The Court endorsed his motion denied, stating that the relief sought was "neither authorized under F.R.Civ.P. 60(b) nor timely in view of the [35] dismissal of petitioner's appeal of the subject Judgment [by the Eleventh Circuit] on November 7, 2005, for want of prosecution." (Doc. 37).

of appealability which was denied (Docs. 39, 40), and a notice of appeal (Doc. 38). See also Doc. 45. In June 2008, Fisher filed a third Rule 60(b)(6) "motion to vacate alter or amend judgment"[4] (Doc. 46), which was denied (Doc. 47),[5] a notice of appeal (Doc. 48), and a motion for certificate of appealability (Doc. 49) which was denied in September 2008 (Docs. 50, 52).[6]

On February 19, 2010, this case was transferred to the undersigned. (Doc. 53). On this date, Fisher filed a fourth Rule 60(b)(6) motion to vacate and *in forma pauperis* motion. (Docs. 54, 55). In so doing, Fisher again referenced his diabetes and eye problems as extraordinary circumstances preventing him from being able to timely file his appeal "because I could'nt [sic] see[:]" "I was unable physically and emotionally to effectuate my appeal ti [sic] this honorable court due to extraordinary circumstances beyond my control." (Doc. 54 at 5). In support, Fisher attached the same medical records submitted with his prior Rule 60(b)(6) motion; namely, letters from his treating physicians from February 4, 1998 through May 9, 2000. (Id. at 6-15). On July 13, 2010, the Court issued an order denying Fisher's motion. (Doc. 58). In so doing, the Court found as follows:

> Manson Fisher, Jr., an Alabama state prisoner proceeding pro se, seeks to vacate the Court's April 2000 Order and Judgment which concluded that his habeas petition was time-barred (Docs. 26, 27). The record reveals that this is Fisher's *fourth* motion to vacate that order and judgment. As grounds, Fisher contends that his physical and

[4] Citing extraordinary circumstances and referencing problems with diabetes and his eyes, Fisher stated that his failure to appeal was "through no fault of his own[]" adding that he was "not physically or emotionally able to effectuate appeal." (Doc. 46 at 2).

[5] The Court endorsed his motion denied, stating that the "relief petitioner again seeks is neither authorized by Fed. R. Civ. P. 60(b) nor timely filed in view of the [35] dismissal of petitioner's appeal of the subject Judgment on 11/07/05 for want of prosecution and the [45] denial of petitioner's motion for COA and IFP by the Eleventh Circuit Court of Appeals on 09/06/07." (Doc. 47).

[6] The Eleventh Circuit's Order stated that: "Appellant's motion for a certificate of appealability is DENIED because appellant has failed to make the requisite showing. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 1600-01, 146 L.Ed.2d 542 (2000)." (Doc. 52 at 3).

emotional condition constitute the extraordinary circumstances for his untimely habeas petition such that the April 2000 Order finding his habeas petition as time-barred should be vacated. Essentially then, Fisher relies upon Rule 60(b)(6) to assert that he was so incapacitated by his illnesses (because he could not see due to his diabetic retinopathy) that the ability to file a timely habeas petition was beyond his control.

While Fisher filed four motions to vacate since September 2005, he did not raise the issue of his diabetes or any illness as the basis for his untimely filing .... until the filing of his *third* Rule 60(b)(6) motion to vacate in June 2008. In July 2008, Judge Hand concluded in an endorsed order that his third motion was due to be denied because the relief he sought was neither authorized by Rule 60(b) nor timely in light of the Eleventh Circuit's dismissal of his appeal for want of prosecution on November 7, 2005 and the denial of his motion for certificate of appealability and *in forma pauperis* motion by the Eleventh Circuit on September 6, 2007. (Doc. 47).

Over 1½ years later, Fisher filed his fourth -- now pending -- Rule 60(b)(6) motion to vacate, stating that "his inability to see is an exceptional circumstances that warrants this honorable court exercising its discretionary power to vacate its judgment." (Doc. 54 at 2). Specifically, in his Affidavit (attached in support), he asserts that he is a diabetic Awho suffers from diabetic retinopathy .... during the period of time that my notice of appeal became due I was unable to file it because I could'nt [sic] see ... I have had to under-go extensive and aggressive surgery on both eyes just to keep from going totally blind, including retina reattachment surgery on both eyes[] [and] I was unable to physically and emotionally to effectuate my appeal ... due to extraordinary circumstances beyond my control." (Doc. 54 at 5 (2/16/10 Affidavit)).

* * *

First and foremost, Fisher's 60(b)(6) motion is due to be denied for the basic reason that it is an attempt to litigate an issue already decided by Judge Hand in July 2008. Moreover, Fisher has failed to show any extraordinary circumstances that would warrant reconsider of the issue. As to the timeliness of his filing, Fisher has failed to provide justification for waiting over eight years to first assert diabetic retinopathy, a condition that was diagnosed and treated between 1998-2000, as a basis for the relief he seeks. Accordingly the motion is **DENIED.**

## II. Discussion

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 to provide a limitations period for filing federal habeas corpus petitions. Under § 2244(d)(1)(A) as amended, a petitioner has one (1) year from the date the appeal is final to file a federal habeas corpus. The time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and therefore permits equitable

tolling. Holland v. Florida, 130 S.Ct. 2549 (2010); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The AEDPA's limitations period may be equitably tolled if the "movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct at 2562-2563. In other words, if circumstances beyond the prisoner's control made it impossible to file on time. The burden is on the petitioner (prisoner) to establish such extraordinary circumstances showing entitlement to such relief.

Nevertheless, Fisher may not use a Rule 60(b) motion as an attempt to circumvent the statutory restrictions on filing a second or successive § 2255 motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Therefore, the Court must first determine whether Fisher's motion attempts to circumvent the statute and is an impermissible successive § 2255 motion. The relevant portion of Fed.R.Civ.P. 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . **(6)** any other reason that justifies relief . . . .

FED.R.CIV.P. 60(b)(6). The Eleventh Circuit has explained that:

> Rule 60(b) does not provide for relief from judgment in a criminal case, United States v. Fair, 326 F.3d 1317, 1318 (11th Cir.2003) (per curiam), but may provide relief in limited circumstances from the denial of a § 2255 motion, see Gonzalez v. Crosby, 545 U.S. 524, 534, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005). We construe a Rule 60(b) motion as a post-conviction motion to vacate a sentence under § 2255 where it "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532, 125 S.Ct. at 2648 (emphasis omitted). In order to file a second or successive § 2255 motion, a federal prisoner must obtain our permission. See 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244(b). A petitioner who files a

> Rule 60(b) motion may not circumvent the statutory restrictions on second or successive applications, unless the Rule 60(b) motion attacks a defect in the integrity of the federal habeas proceedings, such as fraud upon the federal court that led to the denial of the original habeas petition. Gonzalez, 545 U.S. at 532, 125 S.Ct. at 2648.

United States v. Winston, 346 Fed. Appx. 520, 522 (11th Cir. 2009).

In habeas proceedings, a Rule 60(b) motion which challenges a district court's determination of whether a habeas petition was time-barred is not a "second or successive" habeas petition. Gonzalez v. Crosby, 545 U.S. 524 (2005). Under Rule 60(b), a court may relieve a party from a final judgment or order for, *inter alia*, "mistake, inadvertence," "newly discovered evidence which by due diligence could not have been discovered in time," "fraud... misrepresentation, or other misconduct of an adverse party," or "any other reason justifying relief from the operation of the judgment." Id. The Rule also specifies that the motion shall be made within a reasonable time, and for reasons (1) [mistake], (2) [newly discovered evidence], and (3) [fraud] the motion should be made not more than one year after the judgment, order, or proceeding was entered or taken. Id. See also Olmstead v. Humana, Inc., 154 Fed. Appx. 800 (11th Cir. 2005).

Fisher is proceeding under the catch-all subsection that provides "any other reason that justifies relief", thus he must show "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524 (2005). Moreover, the motion must be filed "within a reasonable time." In determining what is a "reasonable time," courts may consider such things as the interest of finality, the reason for the delay, and the ability of the party to learn earlier of the grounds relied on in the motion. See, e.g., U.S. v. Patton, 2006 WL 3544814, *1 (N.D. Ga. Dec. 8, 2006).

Presently, Fisher seeks to have the Court set aside its prior judgment (the ruling that his habeas corpus petition was time barred) "in order to give" him "one full round of habeas corpus

review in line with Congressional intent[,]" claiming that he "was effectively shut out of federal court without any adjudication on the merits[.]" (Doc. 59 at 1, 3). Fisher's present 60(b)(6) motion is due to be denied for the basic reason that it is -- yet again – a baseless attempt to litigate an issue already decided by Judge Hand in July 2008. Moreover, Fisher has failed to show any extraordinary circumstances that would warrant reconsideration. Additionally, Fisher has failed to provide support for the relief requested; rather, his motion appears to simply be an meritless attempt – 2½ years later -- to obtain a different result from that of the July 2010 order (*i.e.*, to have the Court suddenly change its ruling). Further, the Court has already repeatedly addressed (and denied) Fisher's multiple attempts to vacate its prior judgment, and most recently denied such a request in July 2010. (Docs. 29, 31, 34, 37, 40, 43, 47, 50, 57, 58). In sum, Fisher's present motion to set aside the prior judgment again lacks merit. Accordingly, it is **ORDERED** that Fisher's Rule 60(b)(6) motion (Doc. 59) is **DENIED.**

**DONE** and **ORDERED** this the **14th** day of **January 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**